Filed 6/16/14  O.B. v. Super. Ct. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| O.B.,<br><br>　　　　Petitioner,<br><br>　　　　　　v.<br><br>THE SUPERIOR COURT OF MERCED COUNTY,<br><br>　　　　Respondent;<br><br>MERCED COUNTY HUMAN SERVICES AGENCY,<br><br>　　　　Real Party in Interest. | F069248<br><br>(Super. Ct. No. JP000838)<br><br><br>**OPINION** |

### THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Brian L. McCabe, Judge.

O.B., in pro. per., for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

-ooOoo-

---

[*]　　Before Cornell, Acting P.J., Detjen, J., and Franson, J.

O.B. (father), in propria persona, petitions (Cal. Rules of Court, rule 8.452) to overturn a juvenile court order terminating reunification services and setting a Welfare and Institutions Code section 366.26[1] hearing as to his one-year-old son Braden H. However, father fails to explain in his petition what was erroneous about the juvenile court's decision, let alone how he was prejudiced. Accordingly, we will dismiss his petition.

## PROCEDURAL AND FACTUAL BACKGROUND

When Braden was one month old, his mother left him with a stranger, who was unable to care for the infant. The mother also neglected the infant to the point that he required hospitalization for apparent failure-to-thrive. It became apparent that the mother had a history of substance abuse and mental health issues that prevented her from providing Braden with regular care and placed him at substantial risk of suffering serious physical harm or illness. Meanwhile, father had no relationship with Braden and was considered the infant's alleged father.

Under these circumstances, Merced County Human Services Agency (agency) initiated dependency proceedings for Braden. In the summer of 2013, the juvenile court exercised its dependency jurisdiction over Braden, removed him from mother's custody, and granted the mother reunification services.

At that time, the court found father was not entitled to services due to his alleged father status. When subsequent paternity testing revealed the high probability of paternity, the court elevated father to presumed father status and ordered reunification services for him.[2] Although father had been recently sentenced to serve a two-year eight-

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2] The court, however, did not make a removal finding by clear and convincing evidence as to father. (See § 361, subd. (c).) As a matter of due process, before the court may consider terminating father's parental rights, it must make such a finding. (*In re Gladys L.* (2006) 141 Cal.App.4th 845, 848-849.)

month prison term, father told the court he had enough credits to "cover almost all of that."

However, by the time of a status review hearing in April 2014, father remained in custody and his release date was not until December 9, 2014. While incarcerated, he was not participating in court-ordered reunification services. The mother meanwhile did not make herself available for reunification services. As a consequence, there was no substantial probability that Braden could be placed in either parent's care within another six months.

The agency in turn recommended the court terminate reunifications services and set a permanency planning hearing (§ 366.26) to select and implement a permanent plan for Braden.

Father asked the court to delay the proceedings so that he could fully participate in reunification services once he was out of custody. He did not want to lose his parental rights.

The court continued Braden's out-of-home placement, terminated reunification services for both parents, and set a hearing under section 366.26 to select and implement a permanent plan for the child.

## DISCUSSION

The purpose of writ proceedings such as this is to facilitate review of a juvenile court's order setting a section 366.26 hearing to select and implement a permanent plan for a dependent child. (Cal. Rules of Court, rule 8.450(a).) The juvenile court's decision is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is up to a petitioner to raise specific issues and substantively address them. (§ 366.26, subd. (*l*).) This court will not independently review the record for possible error. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

3

Father filed a form writ petition that is essentially blank. He neither raises nor substantively addresses any specific issue, as required by section 366.26, subdivision (*l*). Because father has filed an inadequate petition, we shall dismiss this proceeding.

## DISPOSITION

The extraordinary writ proceeding is dismissed. This opinion is final forthwith as to this court.